RECEIVED

SEP 2 4 2018

U.S. District Court
Eastern District of MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:17-CR-0526 RLW/DDN |
| v. | ) | |
| | ) | |
| KURT WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO QUASH AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH OF THE CITY OF ST. LOUIS AS TO THE SUBPOENAS DIRECTED TO CUSTODIAN OF RECORDS OF THE CITY OF ST. LOUIS POLICE DIVISION ("ST. LOUIS POLICE DEPT.")

COMES NOW Movant, the City of St. Louis (Police Division, identified on the Subpoena as St. Louis Police Department, and hereinafter "City")[1], by and through counsel, and for its Motion to Quash and Memorandum of Law in Support of the City's Motion to Quash as to the Subpoenas Directed to the Custodian of Records, City Police Division states:

I. BACKGROUND

This is a criminal proceeding wherein the Defendant is charged with several carjoacking and firearm related crimes. On September 10, 2018, the Custodian of Records for the City Police Division (hereinafter "PD") received a Subpoena to Testify in a Hearing or Trial in a Criminal Case (herein "Subpoena") issued by Defendant through Counsel. A copy of the Subpoena is attached hereto as Exhibit 1. The Subpoena commands the production of certain records on October 1, 2018, at 1:00 p.m., as set forth in Exhibits 1. The records responsive to the Exhibit 1 Subpoena presumably relate to the Defendant's criminal case.

---

[1] Since 2013, SLMPD is a division under the City of St. Louis' Department of Public Safety, and, as such, Movant City of St. Louis has standing to file this Motion to Quash. RSMo. § 84.010.

II.   LAW AND ARGUMENT

There must be a showing that there is information in the materials sought which would be favorable to the defense, *Brady v. Maryland*, 373 U.S. 83 (1963). Because the materials under Subpoena involve Defendant, it would appear that those materials would probably be relevant if not favorable to the defense. However, Defendant should not be allowed to make an end-run around the requirements of *Brady* by bypassing a request to the prosecutor for any *Brady* materials for the subject matter identified in the Subpoena. *Id. Brady* states that Due Process requires a prosecutor turn over evidence in its possession that is both favorable to the accused and material to guilt or to punishment. A few years later, *Giglio v. United States*, 405 U.S. 150, 154 (1972) expanded *Brady* to say that the prosecution must also turn over evidence impeaching the credibility of a government witness when the reliability of a witness is crucial to the jury's determination of the defendant's guilt. Upon information and belief, Defendant has made no effort to ask the prosecution to turn over any *Brady* materials regarding the subject matter identified in the Subpoena. Defendant should not be allowed to bypass the *Brady* process by attempting to Subpoena these documents from the Custodian of Records for the City PD, instead of going through the prosecutor.

To the extent the City PD has not already provided the records described in Exhibit 1 Subpoena to the U.S. Attorney's Office, the City PD can assemble records responsive to the Subpoena and provide them to the Assistant U.S. Attorney in this matter.

III.   CONCLUSION

In sum, Defendant is trying to bypass the prosecutor and the requirements of *Brady* by subpoenaing materials from the Custodian of Records of the City of St. Louis Police Division. This is clearly contrary to *Brady* and the Subpoena should be quashed.

2

Respectfully submitted,

JULIAN L. BUSH, CITY COUNSELOR

By: _____

Raymond B. Flojo #50464MO
Associate City Counselor – Police Section
Attorney for Movant City of St. Louis
1915 Olive Street, Room 773
St. Louis, Missouri 63103
Phone: 314-444-5609
Email: rflojo@slmpd.org

## Certificate of Service

The undersigned hereby certifies that the foregoing was filed in person with the Office of the Clerk of the Court this September 24, 2018, to be served by operation of the Court's electronic filing system upon all attorneys of record; and served by email upon Dan Schattnik, Attorney for Defendant; and Thomas Rea, Assistant United States Attorney.

_____

3